**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **EDWARD CLAUSE,** | )<br>) CASE NO.<br>) |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF'S COMPLAINT**<br>) |
| **JENNE, INC.,** | ) **JURY DEMAND ENDORSED**<br>) **HEREON** |
| Defendant. | ) |

Plaintiff Edward Clause, by and through counsel, for his Complaint against Defendant Jenne, Inc. (Defendant), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (FLSA) and Ohio Revised Code (O.R.C.) § 4111.03(D). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff Edward Clause has been a citizen of the United States. Plaintiff was employed by Defendant as a non-exempt employee for approximately four years until approximately February 15, 2021.

5. Defendant is an Ohio limited liability company with its principal place of business located at 33665 Chester Road, Avon, OH 44011 (Lorain County) that can be served through its Registered Agent: Rose M. Jenne, 3107 N. Windsor Court, Westlake, OH 44145.

## FACTUAL ALLEGATIONS

6. At all relevant times, Defendant has provided various wholesale technology services.

7. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the FLSA and Ohio law.

8. At all relevant times, Defendant was an employer within the meaning of the FLSA and Ohio law.

9. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Plaintiff was employed by Defendant to perform non-exempt inside sales work.

11. At all relevant times, Plaintiff's compensation was approximately $27.00 per hour, plus quarterly and hourly bonuses of approximately $2,000 to $3,200, respectively.

12. At all relevant times, Plaintiff regularly worked an average of approximately 48 hours per week.

13. The FLSA and Ohio law required Defendant to pay overtime compensation to Plaintiff at one and one-half times his properly calculated "regular rate" for hours worked in excess of 40 in a workweek.

14. At all relevant times, Defendant did not pay Plaintiff all overtime compensation earned at a rate of one and one-half times his properly calculated regular rate.

15. Defendant did not pay for all time worked which resulted in unpaid overtime compensation. For example, Defendant required Plaintiff to clock out though Plaintiff continued working in order to complete all of his duties.

16. Defendant knew that Plaintiff was working off-the-clock and not being paid all overtime earned. For example, Defendant monitored Plaintiff's computer and online work activity. Also, Plaintiff's manager and Defendant's HR Director observed Plaintiff working after clocking out and they knew he was not being paid for this off-the-clock work.

17. Defendant did not properly include Plaintiff's bonuses into his regular rate when calculating overtime, which resulted in additional unpaid overtime compensation.

18. At all relevant times, Plaintiff was not exempt from the protections of the FLSA or Ohio law. For example, he did not work in a retail establishment and more than half of his compensation was not from commissions.

19. The exact amount of unpaid overtime compensation that Defendant failed to pay Plaintiff is not yet known by Plaintiff because the records needed to make such calculations are within the possession or control of Defendant or were not kept by Defendant.

20. Defendant knowingly and willfully engaged in the violations of the FLSA and Ohio law described herein.

## COUNT ONE
### (FLSA Overtime Violations)

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Under the FLSA Plaintiff should have been paid overtime compensation at a rate of one and one-half times his regular rate for all hours worked in excess of 40 hours per workweek.

23. Defendant failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours which resulted in unpaid overtime pay.

24. Defendant failed to properly include Plaintiff's bonuses into Plaintiff's regular rate when calculating overtime compensation.

25. Plaintiff was not exempt under the FLSA.

26. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

27. As a result of Defendant' violations of the FLSA, Plaintiff was injured in that he did not receive overtime compensation due to him pursuant to the FLSA. Section 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

28. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

29. Plaintiff brings his claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

30. At all times relevant, Defendant was an employer and Plaintiff was an employee covered by Ohio law.

31. Defendant violated Ohio law by not paying Plaintiff all overtime earned and such unpaid overtime wages remain unpaid.

32. Defendant willfully violated Ohio law and regulations thereunder that have the force and effect of law.

33. Due to Defendant's violations of Ohio law, Plaintiff is entitled to recover from Defendant all unpaid compensation, as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment against Defendant and in favor of Plaintiff;

B. Award compensatory damages to Plaintiff in the amount of his unpaid overtime wages, as well as liquidated damages as provided under the FLSA;

C. Award pre-judgment and/or post-judgment interest at the statutory rate; and,

D. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

        Respectfully submitted,

        **NILGES DRAHER LLC**

        */s/ Robi J. Baishnab*
        Robi J. Baishnab (0086195)
        34 N. High St., Ste. 502
        Columbus, OH 43215
        Telephone:    (614) 824-5770
        Facsimile:    (330) 754-1430
        Email: rbaishnab@ohlaborlaw.com

        Hans A. Nilges (0076017)
        Shannon M. Draher (0074304)
        7266 Portage Street, N.W., Suite D
        Massillon, OH 44646
        Telephone:    (330) 470-4428
        Facsimile:    (330) 754-1430
        Email: hans@ohlaborlaw.com
                sdraher@ohlaborlaw.com

        *Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

        */s/ Robi J. Baishnab*
        Robi J. Baishnab (0086195)